885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. HILL, II, a/k/a Robert Eduord Pierre Hill, II,
Defendant-Appellant.
 No. 89-5098.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 10, 1989.
Decided Sept. 8, 1989.
 
 Henry E. Hudson, United States Attorney, Susan Lynn Watt, Assistant United States Attorney, on brief for appellee.
 L. Steven Emmert on brief for appellant.
 Before MURNAGHAN, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert E. Hill, II was indicted in the United States District Court for the Eastern District of Virginia on a charge that he had sent a threatening communication to the President of the United States. The communication reached the White House where it was opened and read by a mail clerk. The communication was never actually disclosed to then President Reagan. It was instead turned over to the United States Secret Service for investigation.
 
 
 2
 On January 27, 1989, by a plea of guilty under a plea agreement, Hill acknowledged his guilt. Sentencing was deferred for a pre-sentence report which was inter alia to contain a calculation of the sentencing factors under the Federal Sentencing Guidelines. Since Hill's conduct had involved a single instance with little or no deliberation, the base offense level was decreased by four levels (Sentencing Guideline Sec. 2A6.1(b)(2)). Acceptance of responsibility by Hill led to a further decrease of two levels. The target of the crime having been the President of the United States led to an increase of three levels under Sentencing Guideline Sec. 3A1.2.
 
 
 3
 The present appeal by Hill concentrates on the increase in three levels. He raises the contention that there was no impact on any victim. There is, however, no requirement that the crime have an "articulable impact" on the victim. President Reagan, although an individual, was also an official within the meaning of Sec. 3A1.2 and the crime was motivated by President Reagan's official status. While Sec. 3A1.2 does not apply when the only victim is an organization, agency, or the government, Sec. 3A1.2 requires at least three levels of upward departure if the President or Vice-President is a victim, even though they are not expressly mentioned by the section. See Commentary to Sec. 3A1.2.
 
 
 4
 The fact that President Reagan never actually received the threat does not preclude the operation of the Sec. 3A1.2 Guideline since a mail clerk and other Secret Service personnel, all part of the official President's staff, were directly involved. Charged with responsibility to guard the President from harm, some at least qualified as potential victims. It is by no means profitable to ponder on the arguments of Hill which lead to the conclusion that the punishment could be enhanced purely on the basis of the Secret Service decision whether to tell the President about a threatening letter or not.
 
 
 5
 No requirement that the official victim suffer actual harm appears in the Guideline. At any rate, it ignores reality to suggest that threats, even those intercepted before reaching their target, have no effect on the President or his ability to perform his job. Threats, even those about which the President is not informed, may prove highly disruptive to the President's functioning. Those threats may prompt rearrangement of his schedule and restrictions on his movements. Even when the perpetrator has no intention of inflicting bodily injury upon the President, a threatening letter can divert the resources and attention of those charged with protecting the President from physical harm. Threats, such as Hill's, most certainly victimize the President, even when he is not specifically told about them.
 
 
 6
 Accordingly, the panel being of the opinion that the briefs and record suffice for them to reach a decision, so that oral argument would not be helpful, the judgment imposing sentencing is
 
 
 7
 AFFIRMED.